*In re* JOHN N., a Person Asserted to be Subject to Involuntary Admission and Treatment (The People of the State of Illinois, Petitioner-Appellee, v. John N., Respondent-Appellant).

Third District   Nos. 3—05—0441, 3—05—0442 cons.

Opinion filed March 17, 2006.—Modified on denial of rehearing
May 23, 2006.

Cynthia Z. Tracy, of Guardianship & Advocacy Commission, of Peoria, and Jeff Plesko, of Guardianship & Advocacy Commission, of Anna, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (Lawrence M. Bauer and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The State filed a petition asking the trial court to involuntarily admit the respondent, John N., to a mental health facility. The respondent had been transported to the facility by emergency medical personnel and a police officer. The petition was signed by one of the emergency medical personnel. The trial court found the respondent to be a person subject to involuntary admission. Later, the court also found the respondent to be a person subject to involuntary administration of psychotropic medication. The respondent appealed from both orders, and the appeals were consolidated by this court. On appeal, the respondent argues that because the petition was not signed by a peace officer, as required by statute, both orders are void. The State agrees.

## BACKGROUND

Because the State confessed error in this case, initially we issued a minute order reversing both of the trial court's orders. The respondent then submitted a motion requesting that we publish this case as an opinion. The State did not object to the respondent's motion. We have granted the respondent's motion and now issue this opinion.

## ANALYSIS

The relevant statute states that if the person who is the subject

of an emergency petition for involuntary admission is taken into custody and is transported to a mental health facility by a peace officer, the officer shall complete the petition. 405 ILCS 5/3—606 (West 2004). Under such circumstances, the failure of the officer to complete the petition is reversible error. *In re Demir*, 322 Ill. App. 3d 989, 751 N.E.2d 616 (2001). Failure to comply with the statutory requirements for involuntary admission renders the trial court's judgment erroneous and of no effect. *In re George O.*, 314 Ill. App. 3d 1044, 734 N.E.2d 13 (2000). Because this issue involves the interpretation of a statute, which is a question of law, the standard of review is *de novo*. *George O.*, 314 Ill. App. 3d 1044, 734 N.E.2d 13.

In this case, the police officer who took the respondent into custody and transported him to a mental health facility failed to complete the petition for involuntary admission, as required by statute. Under *Demir* and *George O.*, the trial court erred as a matter of law by involuntarily admitting the respondent. Therefore, we reverse the Peoria County circuit court's order ruling that the respondent is a person subject to involuntary admission.

■ We also reverse the circuit court's order regarding the involuntary administration of psychotropic medication. Pursuant to the relevant statute, a court may authorize administration of involuntary treatment to a "recipient of services." 405 ILCS 5/2—107.1 (West 2004). Under the Mental Health and Developmental Disabilities Code (Code) (405 ILCS 5/1—100 *et seq.* (West 2004)), a "recipient of services" is defined as a person who has received or is receiving treatment. 405 ILCS 5/1—123 (West 2004). Treatment, for purposes of the Code, includes, but is not limited to, hospitalization, partial hospitalization, outpatient services, examination, diagnosis, evaluation, care, training, psychotherapy, pharmaceuticals, and other services provided for recipients by mental health facilities. 405 ILCS 5/1—128 (West 2004). Under the facts of the instant case, the circuit court's order was dependent upon the respondent currently receiving treatment as an inpatient at a mental health facility. See 405 ILCS 5/2—107.1 (West 2004). Because we reversed the order concerning the respondent's involuntary admission, he will no longer be receiving such treatment at the mental health facility and therefore no longer qualifies as a "recipient of services" for involuntary administration of medication.

## CONCLUSION
For the foregoing reasons, we reverse the Peoria County circuit

court's orders to (1) involuntarily admit the respondent; and (2) involuntarily administer psychotropic medication to the respondent.

Involuntary admission order reversed; involuntary administration of psychotropic medication order reversed.

LYTTON and SLATER, JJ., concur.